Von Hoene, Admx., Appellant, *v.* State of Ohio, Department of Rehabilitation and Correction, Division of Parole and Community Services, et al., Appellees.

(No. C-830690—Decided March 27, 1985.)

*Condit & Dressing Co., L.P.A., James J. Condit* and *Thomas J. Ruwe,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Allen P. Adler,* for appellees.

Black, J. Plaintiff-appellant, Constance M. Von Hoene, as administratrix of her husband's estate, filed a complaint in the Court of Common Pleas of Hamilton County seeking to recover damages for the wrongful death of her husband. He was shot and killed by a convict on parole from imprisonment. Plaintiff named as defendants not only the Ohio departments and offices that have responsibility for releasing and supervising prisoners on parole, but also eight individuals who we deem to be the incumbents of those offices. The defendants jointly moved the court to dismiss the complaint for lack of jurisdiction over them (Civ. R. 12[B][2]) and for failure to state a claim upon which relief can be granted (Civ. R. 12[B][6]). The court granted the motion on both grounds.

On appeal, plaintiff claims in her single assignment of error that the dismissal under Civ. R. 12(B) was error. We agree in part. Analysis discloses that although the complaint fails in substantial part, the allegation that the named individual defendants acted "with malicious purpose, in bad faith, or in a wanton or reckless manner," gave the common pleas court jurisdiction over them and stated a claim upon which relief could be granted.

In review of a dismissal under Civ. R. 12(B)(6), the material allegations of the complaint are taken as admitted, and the question is whether it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223], syllabus. (*Conley* v. *Gibson* [1957], 355 U.S. 41, followed.)

Turning to the several claims asserted in the complaint, we first note that it contains a general allegation that the homicide was the direct and proximate result of defendants' wrongful acts. We deem these allegations sufficient to state the "proximate cause" portion of a claim upon which relief can be granted, under the broad interpretation of a plaintiff's allegations that was allowed by *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, 95-96. We dispose of the question of whether recoverable claims were stated, as follows:

(1) The claim that the initial release of the convict on parole was "negligent and grossly negligent" alleges a claim for negligence against the state of Ohio. We believe the release was an executive act that was "characterized by * * * a high degree of official judgment or discretion," and that the state cannot be sued for its performance of that executive function. *Reynolds* v. *State* (1984), 14 Ohio St. 3d 68, paragraph one of the syllabus. Executive acts are beyond judicial review.

(2) The claim that the continuance of the convict's parole was "negligent and grossly negligent" alleges (a) a claim for negligence against the state for an executive act — that was beyond judicial review (as was the first claim above) — or (b) a claim of negligence in the performance of an executive act for which the state may be sued, *but only* in the Court of Claims, under R.C. 2743.02(A).

(3) Plaintiff alleges that the release on parole occurred without notice of the pendency (and of the consideration) of the grant of parole having been sent to the prosecuting attorney and the presiding judge of the court of common pleas of the county in which the indictment against the convict was found, as required by R.C. 2967.12. Assuming, *arguendo,* that this failure of notice was either by negligence *per se* or one of the indicia of negligence, the suit is, nonetheless, against the state and can be brought *only* in the Court of Claims.

(4) Plaintiff alleges that defendants' failure to supervise the convict "in such manner as to insure as nearly as possible the parolee's rehabilitation while at the same time providing maximum protection to the general public," as required by R.C. 5149.04(A), not only violated the statute but was also negligently done. Again, whether the claim is that the statutory violation was negligence *per se* or one of the indicia of negligence, the common pleas court has no jurisdiction to hear claims against the state.

(5) Allegations that the Superintendent of the Parole Supervision Section of the Adult Parole Authority failed to supervise or negligently supervised that section's work, or negligently formulated and executed that section's program of supervision, state claims

against the state. R.C. 2743.02(A)(2).[1] The court of common pleas has no jurisdiction.

(6) Plaintiff makes an allegation, however, that does state a claim upon which relief can be granted in the court of common pleas against the individuals named in the complaint. This allegation is that "[e]ach of the Defendants previously named in this paragraph *acted with malicious purpose, in bad faith, and in a wanton and reckless manner*" (emphasis added). We shall refer to this as the "malicious act allegation." Under R.C. 9.86, state officers and employees have immunity from personal liability unless they acted beyond the scope of official employment responsibilities or unless they acted "with

malicious purpose, in bad faith, or in a wanton or reckless manner."[2] Further, under R.C. 2743.02(A)(1), the filing of a civil action against the state (in the Court of Claims) constitutes a waiver of any cause based on the same act or omission against any state officer or employee, except that there is no waiver (the waiver is void) if "the court" determines that the act or omission was outside the scope of employment, or that the officer or employee "acted with malicious purpose, in bad faith, or in a wanton or reckless manner."[3] The identity of language is obvious. We hold that the malicious act allegation was sufficient to demonstrate that the common pleas court had jurisdiction over the individual defendants and that the com-

---

[1] R.C. 2743.02(A)(2) reads in full:

"In any circumstance in which a claimant proves in the court of claims that an officer or employee, as defined in division (A) of section 109.36 of the Revised Code, would have personal liability for his acts or omissions but for the fact that the officer or employee has personal immunity under section 9.86 of the Revised Code, the state shall be held liable in the court of claims in any action that is timely filed pursuant to section 2743.16 of the Revised Code and that is based upon the acts or omissions."

[2] R.C. 9.86 reads in full:

"Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or *unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.* [Emphasis added.]

"This section does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by

case law. This section does not affect the liability of the state in an action filed against the state in the court of claims pursuant to Chapter 2743 of the Revised Code."

[3] R.C. 2743.02(A)(1) reads in full:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and except as provided in division (A)(2) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability.

"Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee. *The waiver shall be void if the court determines* that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or *that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."* (Emphasis added.)

plaint stated a claim of "malicious act" upon which relief can be granted.[4] The case must be remanded for further proceedings.

We are aware of a peculiarity in the language of the second paragraph of R.C. 2743.02(A)(1) that will present an issue when the case comes again before the common pleas court. The issue will concern which court makes the determination that the individual defendants "acted with malicious purpose, in bad faith, or in a wanton or reckless manner." The paragraph refers only to "the court." In the context of the statute, this appears to mean the Court of Claims. The Tenth District Court of Appeals came to the conclusion that it does, because it held that when two actions are simultaneously filed by an injured plaintiff against named state employees for wrongful acts, one in the Court of Claims and the other in a court of common pleas, the common pleas suit cannot be dismissed until the Court of Claims has determined that the state employees acted within the scope of their employment. *Smith* v. *Stempel* (1979), 65 Ohio App. 2d 36 [19 O.O.3d 23], paragraph three of the syllabus. The method to be used, said the Tenth District Court of Appeals, was for the common pleas court to enter an interlocutory order of dismissal, deferring trial against the individuals, and not to make the dismissal final until the Court

of Claims made its determination about the scope of employment. (There were no malicious act allegations in that case.) The case does not suggest how this is to be done when there is no concurrent suit in the Court of Claims. Nevertheless, a court of common pleas can defer action in the suit before it while the necessary determination is being made elsewhere. * * *[5]

The final judgment rendered in favor of the defendants is reversed insofar as it dismissed the claim of malicious acts against the individual defendants. In all other respects the judgment is affirmed. The case is remanded for further proceedings.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

DOAN and KLUSMEIER, JJ., concur.

---

[4] In *Moss* v. *Coleman* (1982), 5 Ohio App. 3d 177, the dismissal of two individual state employees was upheld when the allegations about their acts were, in essence, that as a medical director and a nursing supervisor in a state psychiatric hospital, they negligently cared for the plaintiff and as a result she was raped by two orderlies. There were no malicious act allegations against the two dismissed defendants. The two orderlies remained in the lawsuit, no motion to dismiss having been filed on their behalf. The decision substantiates our various conclusions about the complaint *sub judice.*