MCINTOSH ET AL., APPELLANTS, *v.* UNIVERSITY OF CINCINNATI ET AL., APPELLEES.

(No. C-840620—Decided July 3, 1985.)

*Steven C. Wilson,* for appellants.
*Dinsmore & Shohl, Mark A. Vander Laan* and *Mark C. Bissinger,* special counsel to the attorney general, for appellees.

*Per Curiam.* This cause came on to

be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiffs-appellants, Everett and Sandra McIntosh, appeal from the judgment[1] of the trial court which granted a motion to dismiss in favor of defendants-appellees, the University of Cincinnati, and five employees of the university (Dr. Raymond R. Suskind, Dr. Stuart Brooks, Allen Vinegar, Ph.D., Jan-Arthur Utrecht and Roy McKay).[2] While we disagree with appellants that the University of Cincinnati was improperly dismissed, we agree that the trial court erred in dismissing the five employees of the university from the action. Consequently, we reverse that part of the judgment which ordered the dismissal of the five individual employees.

On March 20, 1984, appellants filed a civil complaint against appellees in the Hamilton County Court of Common Pleas. In their complaint, appellants alleged that Everett McIntosh was employed by the university to work in its chemical laboratory. Appellants stated that Dr. Suskind is the head of the department responsible for the laboratory; that Dr. Brooks and Dr. Vinegar are McIntosh's immediate supervisors; that Roy McKay is an employee who was assigned to train McIntosh; and that Jan-Arthur Utrecht is an engineer who is responsible for maintaining the equipment and devices which are used in the laboratory.

Appellants alleged that the University of Cincinnati and its five employees were researching the properties and effects of a chemical known as "TDI." Appellants further alleged that Everett McIntosh was ordered to perform certain experiments with the chemical without having been previously warned by appellees of the dangerous and harmful effects of overexposure to TDI. Appellants declared that as a direct and proximate result of appellees' negligent, intentional and purposeful conduct, Everett McIntosh suffered serious personal injuries. The complaint contained a claim by Everett McIntosh's wife, Sandra, for loss of consortium.

On or about March 21, 1984, appellants filed a complaint[3] in the Court of Claims against the same defendants[4] based upon the same allegations. On April 18, 1984, appellees filed a motion to dismiss appellants' complaint in the court of common pleas for lack of jurisdiction over the subject matter and over the appellees (Civ. R. 12[B][1] and [2]) and for failure to state a claim upon which relief can be granted (Civ. R. 12[B][6]). Appellants responded with a "[m]otion to stay the causes of action herein pending the decision of the Ohio Court of Claims and denying the motion to dismiss."

On July 10, 1984, the trial court granted appellees' motion to dismiss on the ground that "the Court of Claims

---

[1] The trial court found no just reason for delay and rendered a final judgment adverse to appellants without disposing of appellants' claims against an additional defendant, pursuant to Civ. R. 54(B).

[2] The complaint also named as a defendant a private corporation, the Mobay Chemical Company.

[3] Although appellants failed to include a copy of the complaint in the record, we are convinced that it was filed in the Court of Claims. Our conclusion is based upon several other documents in the record which directly refer to the complaint.

[4] On March 24, 1984, the Court of Claims dismissed all named defendants except the University of Cincinnati for lack of jurisdiction, pursuant to R.C. 2743.02(E). This action by the Court of Claims has no effect on our disposition of the case *sub judice.* Although the only proper defendant in an original action filed in the Court of Claims is the state, R.C. 2743.02(E), the Court of Claims will nevertheless consider the alleged acts or omissions of any state officer or employee in determining their civil immunity from suit, in accordance with R.C. 2743.02(A)(1) and R.C. 9.86.

has exclusive, original jurisdiction over the claims asserted against the University of Cincinnati and its employees." From this judgment, appellants timely filed the instant appeal.

In support of their appeal, appellants raise a single assignment of error, as follows:

"The trial court erred in refusing to grant the appellants a stay of their cause of action against the University of Cincinnati and its employees pending a decision by the Court of Claims as to whether or not the acts complained of were within the scope of employment."

At oral argument, appellants respectfully requested that their assignment of error be amended to state that "the trial court erred in granting appellees' motion to dismiss the claims against them for lack of jurisdiction." Appellees did not object to this change. Accordingly, we will recast appellants' assignment of error so as to comply with the parties' wishes.

We shall first address appellants' contention that the University of Cincinnati was improperly dismissed from the lawsuit. We conclude that the court properly dismissed the university from the case because the Court of Claims has exclusive, original jurisdiction over claims filed against the state.

Prior to the enactment of the Court of Claims Act (R.C. Chapter 2743), the state of Ohio and its various instrumentalities and institutions were protected from suit under the doctrine of sovereign immunity. See *Thacker* v. *Bd. of Trustees of Ohio State Univ.* (1973), 35 Ohio St. 2d 49 [64 O.O.2d 28]. However, the General Assembly prescribed the method and the *forum* for bringing suit against the state with the enactment of

R.C. 2743.02(A)(1). That section provides, in pertinent part, that "[t]he state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims * * *." R.C. 2743.03(A) provides that "* * * [t]he court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state * * *."

It is clear that the University of Cincinnati is an instrumentality of the state of Ohio inasmuch as it has been a state institution since July 1, 1977. *Collins* v. *Univ. of Cincinnati* (1981), 3 Ohio App. 3d 183; R.C. 3361.01. Under the Act, "state" means "* * * all * * * institutions and other instrumentalities of the state of Ohio. * * *" R.C. 2743.01(A). Thus, under the Court of Claims Act, a civil suit filed against the University of Cincinnati is essentially a suit against the state of Ohio. Consequently, since the Court of Claims has original, exclusive jurisdiction over all civil actions against the state, the court of common pleas lacked jurisdiction over the claims against the University of Cincinnati, and the university's dismissal, pursuant to Civ. R. 12(B)(1) and (2), was proper.

Turning to the question of whether the claims against the five individual employees of the university were properly dismissed by the court of common pleas for lack of jurisdiction, we begin by recognizing that under R.C. 9.86, state officers and employees have immunity from personal liability, unless they act beyond the scope of their official employment responsibilities or unless they act "with malicious purpose, in bad faith, or in a wanton or reckless manner."[5] Furthermore, under R.C. 2743.02(A)(1), the filing of a civil action

---

[5] R.C. 9.86 reads in full:

"Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state

for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or *unless the officer or employee acted with malicious purpose, in*

against the state, in the Court of Claims, constitutes a complete waiver of any cause of action, based on the same act or omission, against any state officer or employee. However, the waiver is void if "the court" determines that the act or omission was outside the scope of the officer's or employee's office or employment, or that the officer or employee "acted with malicious purpose, in bad faith, or in a wanton or reckless manner."[6]

In the instant case, appellants did not allege that the individual employees acted outside the scope of their employment. However, appellants did allege that the employees acted "intentionally and purposefully." Thus, it is conceivable that these employees could lose their cloak of immunity, granted them by R.C. 9.86, if "the court"[7] determines that they acted with malicious purpose, in bad faith, or in a wanton or reckless manner. If so, these employees could properly be subject to suit in the court of common pleas. If, on the other hand, the court determines that these employees did not act with malicious purpose, in

bad faith, or in a wanton or reckless manner, viz., that they acted negligently, then the state of Ohio alone would be subject to suit in the Court of Claims.

Given this state of the law, appellants concede that the court of common pleas does not have jurisdiction to entertain a civil lawsuit against the five employees in their individual capacities unless and until the Court of Claims determines that the employees acted with malicious purpose, in bad faith, or in a wanton or reckless manner. However, appellants advance what is, in essence, an equitable argument. Appellants' position on appeal is that in order to protect their claims for intentional tort against the five employees, from the running of the applicable statute of limitations, they have the right to file their complaints concurrently in the Court of Claims and the court of common pleas. Appellants contend that a dismissal by the court of common pleas, prior to a determination of maliciousness by the Court of Claims, is premature, and subjects them to the risk of losing their cause of action if the ap-

---

*bad faith, or in a wanton or reckless manner.* [Emphasis added.]

"This section does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by case law. This section does not affect the liability of the state in an action filed against the state in the court of claims pursuant to Chapter 2743 of the Revised Code."

[6] R.C. 2743.02(A)(1) reads in full:

"(A)(1) The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and except as provided in division (A)(2) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability.

"Except in the case of civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee. *The waiver shall be void if the court determines* that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or *that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."* (Emphasis added.)

[7] R.C. 2743.02(A)(1) refers only to "the court." In *Von Hoene* v. *State* (1985), 20 Ohio App. 3d 363, 366, we discussed, without deciding, whether "the court" referred to the Court of Claims or the court of common pleas. Today, we hold that in the context of R.C. 2743.02(A)(1), "the court" means the Court of Claims. See fn. 4, *supra,* for a discussion of the interrelationship between R.C. 2743.02(A)(1) and 2743.02(E).

plicable statute of limitations expires before they can refile their action in the court of common pleas.

We agree with appellants that the legislature, in enacting the Court of Claims Act, could not have intended such a harsh result. Appellees' argument that appellants completely waived any cause of action for intentional tort against them, when appellants filed their civil action in the Court of Claims, misses the point that the waiver is *void* if the court determines that the appellees acted maliciously. R.C. 2743.02(A)(1). Since the record does not indicate whether the Court of Claims has determined that question, we conclude the court of common pleas prematurely dismissed the claims against the individual employees.

In *Smith* v. *Stempel* (1979), 65 Ohio App. 2d 36 [19 O.O.3d 23], the plaintiff filed simultaneous actions in the Court of Claims and the court of common pleas, alleging that state employees had injured her through acts which were manifestly outside the scope of their employment. The court of common pleas granted the state employees' motion for summary judgment on the ground that plaintiff had waived any claim against them by filing the complaint in the Court of Claims. The Tenth District Court of Appeals reversed, and held, in paragraph three of the syllabus, that:

"Where a plaintiff has an action pending in the Court of Common Pleas against several state officers or employees and a simultaneous action pending against the state in the Court of Claims based upon the same act or omission, upon the raising of the issue of waiver in the Court of Common Pleas on the basis that another action is pending in the Court of Claims, Civ. R. 54(B) permits the Court of Common Pleas to enter an interlocutory order of dismissal which may be later modified, removing the necessity of proceeding to trial with respect to the defendant state officers or employees and deferring the entry of final judgment until the Court of Claims has made its determination upon the issue of scope of employment."

We are persuaded that the holding in *Smith* v. *Stempel, supra,* represents a fair compromise between the competing interests of the injured party, the state employee, the state of Ohio, and the court of common pleas. Thus, we hold that the trial court erred in dismissing appellants' claims against the five university employees. The court's order dismissing the state employees was premature and contrary to law. The lower court should have entered an interlocutory order of dismissal and deferred the entry of final judgment until the Court of Claims determined whether the university employees acted with malicious purpose, in bad faith, or in a wanton or reckless manner. After the Court of Claims decides that question, the interlocutory order of dismissal can be modified accordingly.

For the foregoing reasons, the assignment of error is sustained. The judgment of the Hamilton County Court of Common Pleas is affirmed insofar as it dismissed the action against the University of Cincinnati, and is reversed insofar as it dismissed the claims against the five individual university employees. The cause is remanded to that court for further proceedings consistent with law and with this decision.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

BLACK, P.J., KEEFE and KLUS-MEIER, JJ., concur.