WALKER, APPELLANT, v.
STEINBACHER ET AL., APPELLEES.

(No. 12920 — Decided
May 20, 1987.)

George W. Spittal, for appellant Connie M. Walker.

Anthony J. Celebrezze, Jr., attorney general, John F. Kozlowski and James A. Barnes, for appellee Roberta Steinbacher et al.

QUILLIN, P.J. Plaintiff is a state employee. Defendants are also state employees. Plaintiff has sued defendants in their official capacities and also individually. The trial court found that it had jurisdiction over the defendants but entered an "interlocutory order of dismissal" relying on McIntosh v. Univ. of Cincinnati (1985), 24 Ohio App. 3d 116, 24 OBR 187, 493 N.E. 2d 321. Because we disagree with the procedure suggested in McIntosh, we reverse and remand.

I

It is established law that state officers and employees have immunity from personal liability unless they act beyond the scope of their official responsibilities or unless they act with malicious purpose, in bad faith, or in a wanton or reckless manner. R.C. 9.86; McIntosh, supra; Smith v. Stempel (1979), 65 Ohio App. 2d 36, 19 O.O. 3d 23, 414 N.E. 2d 445; Von Hoene v. State (1985), 20 Ohio App. 3d 363, 20 OBR 467, 486 N.E. 2d 868.

It is also established that the filing of a claim in the Court of Claims results in a waiver of any cause of ac-

1

tion, based upon the same conduct, which the filing party has against any state officer or employee. This waiver is void if the Court of Claims determines that the conduct was outside the scope of employment, was malicious, in bad faith, wanton or reckless. R.C. 2743.02(A)(1); *Von Hoene, supra.*

## II

The posture of the present case is that there has been no action filed in the Court of Claims. The trial court, while specifically finding that it had jurisdiction over the defendants because of allegations of malicious and bad faith conduct, nevertheless entered an "interlocutory order of dismissal." The origin of this unfortunate phrase can be traced to *Smith, supra.*

In *Smith,* the plaintiff sued seven doctors. Five of the doctors moved for summary judgment because the plaintiff had also sued the state in the Court of Claims. The trial court granted summary judgment as to the moving doctors. The judgment would not have been final because it did not dispose of the claims against the two non-moving doctors. Civ. R. 54(B). The trial court, however, attempted to make the judgment final by finding no just reason for delay. The court of appeals recognized the dilemma created by the possibility that the waiver effected by the filing in the Court of Claims might be voided by a subsequent finding of bad faith, etc. The court of appeals held that the trial court erred by making a finding of no just reason for delay because there indeed was a just reason for delay, *i.e.,* the waiver relied upon might become void.

The court of appeals stated that the trial court should have entered "an interlocutory order of dismissal" as permitted by Civ. R. 54(B). However,

Civ. R. 54(B) does not provide for an "interlocutory order of dismissal" as such. The rule does provide that when fewer than all the claims are adjudicated the order is non-final (*i.e.,* interlocutory) and subject to modification. That is what the court of appeals meant when it referred to an interlocutory dismissal.

That part of the *Smith* opinion referring to an interlocutory order of dismissal was picked up by the First District Court of Appeals in *Von Hoene, supra,* and *McIntosh, supra.* That court of appeals ruled that even when the trial court adjudicates all the claims between all the parties (which is a final appealable order under Civ. R. 54[B]), the trial court should enter an interlocutory order of dismissal and not make the dismissal final until the Court of Claims makes its determination about the scope of employment.

We believe that *Von Hoene* and *McIntosh* misconstrue *Stempel* and Civ. R. 54(B). If a trial court wishes to reasonably defer trial or stay proceedings as to some or all the claims or defendants in an action, it may do so on such terms as are appropriate. However, a denominated "interlocutory" dismissal is a contradiction in terms not provided for in the rules.

## III

It is probable that the trial judge in the case *sub judice* intended merely to stay the proceeding and not to dismiss the action. However, he dismissed the action. This is more than a semantic difference. Whether a case has been dismissed or merely stayed can have a significant impact on questions such as statutes of limitations, discovery, right of appeal, etc.

The trial court erred by ordering that the case be dismissed "until the Court of Claims has ruled on the malicious acts allegations." The order is

vacated and remanded to the trial court for further proceedings consistent with this opinion.

*Judgment accordingly.*

BAIRD and CACIOPPO, JJ., concur.