**Robert Lee PARKS, Plaintiff,**

v.

**John S. WILKINS, et al., Defendants.**

**Civ. A. No. C-2-85-487.**

United States District Court,
S.D. Ohio, E.D.

Dec. 13, 1988.

Gordon Hobson, Columbus, Ohio, pro se.

Frederick Schoch, Asst. Atty. Gen., Columbus, Ohio, for defendants.

**OPINION AND ORDER**

HOLSCHUH, District Judge.

Plaintiff Robert Lee Parks, formerly incarcerated in the London Correctional Insti-

tution ["LoCI"], brings this action pursuant to 42 U.S.C. § 1983 against LoCI Correctional Officer John S. Wilkins, and LoCI Sergeant Mark Allison, alleging that plaintiff was threatened and harassed in retaliation for the exercise of his First Amendment right of access to the courts. In the amended complaint, plaintiff also asserts a state tort claim of intentional infliction of emotional distress. This matter is now before the Court on defendants' motion to dismiss the state law claim.

Defendants contend that they are immune from liability on the state law claim, unless the Ohio Court of Claims first determines that they acted outside the scope of their responsibilities, or with "malicious purpose, in bad faith, or in a wanton or reckless manner...." *See* O.R.C. §§ 9.86, 2743.02(F).[1]

■ Subsection (F) was added to Section 2743.02 and became effective on October 20, 1987, several years after the events that are the subject of this action took place. At least one Ohio court, however, has held that subsection (F) is to be applied retroactively in light of its "procedural, curative, and remedial" nature. *See Lewis v. Cowperthaite,* No. A-8502428 (C.P. Hamilton Cty. February 3, 1988) (Entry Granting Defendants' Motion to Dismiss). Accordingly, as construed by the State of Ohio, Section 2743.02(F) has retroactive application to the case at bar.

■ This Court must also determine whether, pursuant to *Erie Railroad Co. v. Thompkins,* 304 U.S. 64, 58 S.Ct. 817, 82

L.Ed. 1188 (1938), Sections 9.86 and 2743.-02(F) are to be applied to the case at bar. *Erie,* and its progeny, hold that the substantive law of the state is to be applied in a federal forum to appropriate state law claims.[2] *Id.,* at 78, 58 S.Ct. at 822; *see* 19 Charles Wright, Arthur Miller, & Edward Cooper, *Federal Practice and Procedure* at 4504 (1982).

In *Guaranty Trust Company of New York v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1954), the United States Supreme Court recognized that the question of distinguishing, for *Erie* purposes, substantive from procedural law could not be answered by adopting distinctions between "substance" and "procedure" that have been drawn for other purposes. *Id.* at 109, 65 S.Ct. at 1470; *see* 19 Wright, Miller, & Cooper, at 4504. Accordingly, the Court developed what has come to be called the "outcome-determinative" test for deciding whether a particular state law is substantive or procedural for *Erie* purposes. *See* 19 Wright, Miller & Cooper, at 4504.

In *Guaranty Trust,* the Court held that, since "a federal court adjudicating a state-created right ... is ..., in effect, only another court of the state, ... it cannot ... substantially affect the enforcement of the right as given by the state." *Id.* at 108–09, 65 S.Ct. at 1469–70. The Court stated:

And so the question is not whether a statute ... is deemed a matter of 'procedure' in some sense. The question is whether such a statute by which a right to recover, as recognized by the State, is

---

**1.** O.R.C. § 9.86 provides:

... no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

O.R.C. § 2743.02(F) provides:

A civil action against a state officer or employee that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless

manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to civil immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. The filing of a claim against a state officer or employee under this section tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to civil immunity under section 9.86 of Revised Code.

**2.** Although the cases cited herein involved diversity jurisdiction, the *Erie* rationale applies equally to state pendent claims. *See Erie,* 304 U.S. 64, 58 S.Ct. 817; 19 Wright & Miller § 45750.

enforced, or whether such statutory limitation is a matter of substance ... namely, does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlled in an action upon the same claim by the same parties in a State court?

*Id.* at 109, 65 S.Ct. at 1470.

Subsequent cases have somewhat modified *Guaranty Trust*'s holding. *See Byrd v. Blue Ridge Rural Electric Cooperative, Inc.*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); 19 Wright, Miller, & Cooper, at 4504. In *Byrd*, the Court concluded that *Guaranty Trust*'s "outcome-determinative" test was too simplistic to control every potential conflict between state and federal law. *Id.* at 525, 78 S.Ct. at 893; 19 Wright, Miller, & Cooper, at 4504. Rather, the issue is whether the particular state law is "bound-up" with "state-created rights and obligations" in such a manner that the federal court is required under *Erie* to apply the state rule. 356 U.S. at 535, 78 S.Ct. at 899.

In *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, the Supreme Court reasoned that the question of whether to apply state law depends not so much upon the importance of the law to the state as upon whether or not the failure to apply the state law would 1) influence the parties' choice of forum, which *Erie* sought to prevent, or 2) "unfairly discriminate" against one of the parties, another *Erie* concern. *Id.* at 468 n. 9, 85 S.Ct. at 1142 n. 9. Neither *Hanna, Byrd,* nor subsequent cases have actually repudiated *Guaranty Trust*'s "outcome-determinative" test; rather, they have refined it. *See* 19 Wright, Miller, & Cooper, *Federal Practice and Procedure*, Section 4504.

In the case at bar, because the Ohio statutes at issue are so "bound-up" with "state-created rights and obligations," *Byrd,* 356 U.S. at 535, 78 S.Ct. at 899, and because this Court's failure to apply them would "substantially affect the enforcement" of the state right at issue and constitute disregard of a "controlling" state law

that would be applied if this action were pending in the courts of the State of Ohio, *Guaranty,* 326 U.S. at 108–09, 65 S.Ct. at 1469–70, this Court concludes that Sections 9.86 and 2743.02(F) are substantive for purposes of *Erie* and therefore applicable by this Court to plaintiff's pendent state law claim.

Section 2743.02(F) of the Ohio Revised code is part of the Ohio Court of Claims Act, a comprehensive statutory scheme by which the State of Ohio has consented to be sued. That consent, however, is conditional: for example, the State's liability is to be determined only in the Ohio Court of Claims, *see Ohio Inns, Inc. v. Nye,* 542 F.2d 673 (6th Cir.1976), and a claimant against the State agrees to waive all claims against state employees for conduct performed within the scope of their duties. *See Leaman v. Ohio Department of Mental Retardation,* 825 F.2d 946 (6th Cir. 1987). The manifest purpose of § 2743.02(F) is to consolidate in one court, *i.e.,* the Ohio Court of Claims, the authority to determine whether or not a state employee's actions were taken during the course and scope of his or her duties—*i.e.,* the predicate determination for liability on the part of the State and immunity from liability on the part of its employees. Because this provision of the Ohio Court of Claims Act is so intimately bound up with Ohio's conditional waiver of its sovereign immunity, this Court has little doubt that § 2743.02(F) is "substantive" law for *Erie* purposes, and must be applied by this Court to plaintiff's pendent state law claim.

■ The next issue presented by the defendants' motion is whether O.R.C. Section 2743.02(F) requires that all state law claims against state employees be initially filed in the Ohio Court of Claims and whether those proceedings have the effect of staying proceedings in all other courts pending resolution of the issue of immunity by the Court of Claims. This Court's answer to those questions is in the affirmative. *See Leaman v. Ohio Department of Mental Retardation,* 825 F.2d 946 (6th Cir.1987); *Cooperman v. University Surgical Association, Inc.,* 32 Ohio St.3d 191, 513 N.E.2d

288 (1987); *McIntosh v. University of Cincinnati*, 24 Ohio App.3d 116, 493 N.E.2d 321 (1985); *Van Hoene v. State*, 20 Ohio App.3d 363, 486 N.E.2d 868 (1985); *Smith v. Stempel*, 65 Ohio App.2d 36, 414 N.E.2d 445 (1979). Although none of the cases cited deals directly with the application of Section 2743.02(F) in its present form, all of these cases held that Section 2743.02(A)(1) —the predecessor to Section 2743.02(F)— permitted each trial court to resolve the issue of immunity. It is clear, however, that the Ohio General Assembly specifically amended Section 2743.02 by adding subsection (F) in order to vest "exclusive and original" jurisdiction on the issue of immunity in the Ohio Court of Claims.[3]

Finally, this Court concludes that § 2743.02(F), by requiring that all courts, state and federal, defer to the Ohio Court of Claims on the issue of immunity on state law claims, does not constitute an unwarranted intrusion on the part of the State into the exercise of federal judicial authority. At issue here is whether or not plaintiff can state—at this time and in this Court—a valid pendent claim under the law of the State of Ohio. The law of this State makes clear that plaintiff cannot. This Court, required as it is to apply the state's substantive law to this claim, can reach no other conclusion.

Accordingly, defendant's motion to dismiss is GRANTED. In the event that the Ohio Court of Claims determines that the defendants' actions were taken outside the scope of their employment, or were taken with malicious purpose, in bad faith, or in a wanton or reckless manner, plaintiff may, if then appropriate, move within sixty (60) days of that decision to reinstate his pendent state law claim to this Court's docket. *See White v. Gerbitz*, 860 F.2d 661 (6th Cir.1988).

---

**3.** For example, the Court in *McIntosh*, 24 Ohio App.3d at 120, 493 N.E.2d 321, noted the inequity that could result from deferring to the Court of Claims on the issue of immunity where the statute of limitations continues to run. With the subsequent enactment of O.R.C. Section 2743.02(F), however, the General Assembly included a provision tolling the applicable statute of limitations during the time that the matter remains pending in the Ohio Court of Claims.