OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Worrell, Appellee, v. Court of Common Pleas of Athens County,
Appellant.
[Cite as Worrell v. Athens Cty. Court of Common Pleas
(1994),            Ohio St.3d         .]
Prohibition -- Writ not allowed prohibiting common pleas court
      from exercising jurisdiction in complaint for damages
      against professor at state university for allegedly
      intentionally or negligently misrepresenting
      nontraditional instruction program for master's and
      doctorial degrees in mathematics, when.
      (No. 93-2293 -- Submitted April 19, 1994 -- Decided June
22, 1994.)
      Appeal from the Court of Appeals for Athens County, No.
1506.
      On January 25, 1983, Bruce Walker filed a complaint in the
Court of Claims, naming Ohio University and the state of Ohio
as defendants.  In his complaint, Walker alleged the
following.
      Walker enrolled in Ohio University's mathematics
department as a graduate student in 1974.  Prior to Walker's
enrollment and continuing until June or July 1981, various
employees and agents of the university represented that he
could earn a master's as well as a doctoral degree by pursuing
a nontraditional instruction program directed by then-Professor
John M. Worrell, Jr., M.D., appellee herein.
      In reliance upon these representations, Walker entered the
nontraditional program, and completed all of the program
requirements by 1981.  However, the university refused to give
him academic degree credit for work he completed under the
nontraditional program.
       Walker's Court of Claims action set forth two claims for
relief against the university:  (1) breach of contract, and (2)
negligence.  The complaint did not request the Court of Claims
to determine whether Worrell had acted manifestly outside the
scope of his employment or with a malicious purpose, in bad
faith, or in a wanton or reckless manner.
      On August 10, 1984, following a trial on the merits, the
Court of Claims ruled in favor of Ohio University.  The Court

of Claims determined that Walker did not meet his burden of proof of establishing breach of contract or negligence. In its latter determination, the Court of Claims concluded that regardless of whether Worrell had ever promised Walker that he would not have to take comprehensive examinations, any reliance by Walker was not justified because Worrell did not have the authority to waive university degree requirements. The Court of Claims did not expressly determine whether Worrell had acted manifestly outside the scope of his employment or with a malicious purpose, in bad faith, or in a wanton or reckless manner.

On April 30, 1985, Walker filed a complaint for damages in the Athens County Court of Common Pleas, appellant herein, naming Worrell as defendant. Walker's complaint alleged that Worrell had intentionally or negligently misrepresented the nontraditional instruction program. Worrell moved to dismiss on the grounds that all of the issues raised by the complaint had been tried in the Court of Claims action and that R.C. 2743.02(A)(1) barred the action. After the common pleas court overruled that motion, Worrell filed an amended motion to dismiss pursuant to Civ.R. 12(B)(1) and (2), contending that since the Court of Claims had made no finding that Worrell had acted outside the scope of his employment or with malicious purpose, in bad faith, or in a wanton or reckless manner, the common pleas court lacked jurisdiction to consider Walker's complaint. Worrell claimed that the newly enacted R.C. 2743.02(F) retroactively applied to divest the common pleas court of jurisdiction.

After converting Worrell's amended motion to dismiss into a motion for summary judgment, the common pleas court granted it on December 2, 1988. The court determined that Walker's prior Court of Claims action collaterally estopped him from raising the same issues in the common pleas court. On appeal, the Athens County Court of Appeals reversed the summary judgment on collateral estoppel without addressing any issue concerning the common pleas court's jurisdiction.

On January 31, 1991, Worrell filed another motion to dismiss Walker's complaint, claiming that the common pleas court lacked subject matter jurisdiction. The common pleas court overruled this motion, stating that the prior court of appeals judgment represented the law of the case. The common pleas court stated that "the issue of retroactivity is, in effect, moot, because the [appellate court] interprets the Court [of Claims'] decision as a ruling that Worrell was acting outside the scope of his employment."

On November 12, 1991, Worrell filed a complaint in the court of appeals seeking a writ prohibiting the common pleas court from proceeding on Walker's complaint unless the Court of Claims expressly determined that Worrell acted manifestly outside the scope of his employment or official responsibilities, or with malicious purpose, in bad faith, or in a wanton or reckless manner. On September 22, 1993, the court of appeals, in a split decision, granted the writ.

The cause is now before this court upon an appeal as of right.

Lee Fisher, Attorney General; Mollica, Gall, Sloan &

Sillery Co., L.P.A., Gerald A. Mollica and Robert J. Gall, for appellee.

Robe & Robe, Edward S. Robe and Scott M. Robe, for appellant.

Per Curiam. "For a writ of prohibition to issue, a relator must establish (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law." State ex rel. Ruessman v. Flanagan (1992), 65 Ohio St.3d 464, 465, 605 N.E.2d 31, 33. The parties agree that the common pleas court was about to exercise judicial power in considering the merits of Walker's complaint. Accordingly, the dispositive issues are whether the common pleas court's attempted exercise of jurisdiction is improper and whether Worrell possesses an adequate remedy at law.

In its third proposition of law, the common pleas court asserts that Worrell has an adequate remedy at law by appeal to raise his allegation that the court lacks subject matter jurisdiction over Walker's complaint. The court of appeals determined that appeal did not constitute an adequate legal remedy.

In 1975, the General Assembly enacted the Court of Claims Act, R.C. Chapter 2743, creating the Court of Claims and specifying the manner in which actions could be brought in that court against the state and its officers and employees. Conley v. Shearer (1992), 64 Ohio St.3d 284, 286, 595 N.E.2d 862, 865. R.C. 2743.02(A)(1) provides:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter * * *.

"Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

Effective October 20, 1987, the General Assembly amended the Court of Claims Act to add R.C. 2743.02(F), which, after minor changes, provides:

"A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of

common pleas have jurisdiction over the civil action.

"The filing of a claim against an officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code."  See 142 Ohio Laws, Part II, 3136.

Pursuant to R.C. 2743.02(F), the Court of Claims has exclusive, original jurisdiction to determine whether a state employee acted manifestly outside the scope of his employment or with malicious purpose, in bad faith, or in a wanton or reckless manner.  Conley, supra, 64 Ohio St.3d at 287, 595 N.E.2d at 865.  This court has held that R.C. 2743.02(F) is not retroactive.  Nease v. Med. College Hosp. (1992), 64 Ohio St.3d 396, 596 N.E.2d 432.  Therefore, because Walker filed his common pleas court action on April 30, 1985, i.e., prior to the enactment of R.C. 2743.02(F), we must review the judgment of the court of appeals without applying that provision.

In Cooperman v. Univ. Surgical Assoc., Inc. (1987), 32 Ohio St.3d 191, 513 N.E.2d 288, paragraph two of the syllabus, this court held as follows:

"A court of common pleas does not lack jurisdiction over an action against state officers or employees merely because the Court of Claims has not first determined that the act or omission, which is the subject of the action, was manifestly outside the scope of the officer's or employee's office or employment, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner, unless the aggrieved party has filed a suit in the Court of Claims based on the same act or omission.  (R.C. 2743.02[A][1], construed and applied.)"

Worrell claims that since Walker first filed suit in the Court of Claims based on the same acts underlying his common pleas court action, the common pleas court patently and unambiguously lacks jurisdiction to consider Walker's complaint until the Court of Claims determines that Worrell is not entitled to immunity pursuant to R.C. 9.86.  A broad reading of the second paragraph of the Cooperman syllabus arguably supports Worrell's argument.  However, in Cooperman, supra, 32 Ohio St.3d at 197, 513 N.E.2d at 295, this court emphasized that a common pleas court lacks jurisdiction over an action against state officers or employees where the Court of Claims had not first determined the R.C. 9.86 immunity issue, but only "if the aggrieved party has also filed a concurrent suit in the Court of Claims based upon the same act or omission." (Emphasis added.)  See, also, S.Ct.R.Rep.Op. 1(B), providing that "[t]he syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication."  Although Walker had filed a suit against the state in the Court of Claims, that case was no longer pending, i.e., concurrent, at the time he filed his complaint against Worrell in the common pleas court.  See, e.g., Hawley v. Bowling Green State Univ. (Sept. 2, 1988), Wood App. No. WD-87-32, unreported, citing McIntosh v. Cincinnati (1985), 24 Ohio App.3d 116, 24 OBR 187, 493 N.E.2d 321, and Von Hoene v. State (1985), 20 Ohio App.3d 363, 365, 20 OBR 467, 471, 486

N.E.2d 868, 872.

Thus, under the foregoing interpretation of Cooperman, the common pleas court has subject matter jurisdiction over Walker's complaint.

The common pleas court has general jurisdiction of the subject matter of the complaint. See R.C. 2305.01. "'Absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction.'" (Emphasis sic.) State ex rel. Bradford v. Trumbull Cty. Court (1992), 64 Ohio St.3d 502, 504, 597 N.E.2d 116, 117-118, quoting State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37, 38, 548 N.E.2d 945, 946.

The court of appeals determined that an appeal would not afford Worrell an adequate legal remedy based upon State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas (1991), 60 Ohio St.3d 78, 573 N.E.2d 606. In Sanquily, we noted at 80, 573 N.E.2d 606, 609:

"*** Although R.C. 2305.01 gives common pleas courts original jurisdiction in civil matters generally, R.C. 2743.02(F) patently and unambiguously takes it away from them in a specific class of civil cases. For the common pleas court to proceed would be to usurp the Court of Claims' jurisdiction; in a case so plain, we will not consign relator to his appellate remedy."

As noted previously, however, R.C. 2743.02(F) is not applicable in this case. Further, R.C. 2743.02(F) was enacted in response to the second paragraph of the Cooperman syllabus. See Conley, supra, 64 Ohio St.3d at 286, 595 N.E.2d at 865. The title to Sub.H.B. No. 267, which enacted R.C. 2743.02(F), states that the amendment is aimed at "clarifying the Court of Claims with respect to civil actions against state officers and employees [and] clarifying that the Court of Claims has exclusive, original jurisdiction over all types of civil actions against the state and its officers and employees, irrespective of the relief sought." (Emphasis added.) 142 Ohio Laws, Part II, 3134. This indicates that prior to the enactment of R.C. 2743.02(F), the jurisdictional issue was not patent and unambiguous.

In that the common pleas court possesses general jurisdiction over Walker's complaint and R.C. 2743.02(A)(1) does not patently and unambiguously divest the court of such jurisdiction under the particular facts and circumstances of this case, the court of appeals erred in granting Worrell a writ of prohibition as he possesses an adequate legal remedy via appeal.

Accordingly, the judgment of the court of appeals issuing a writ of prohibition is reversed.

Judgment reversed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.