[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiff-appellant, Scottie Spurlock, appeals the trial court's dismissal of his claims against the city of Cincinnati, Hamilton County, and the University of Cincinnati. The trial court held that Spurlock's complaint failed to state a claim upon which relief could be granted, under Civ.R. 12(B)(6), and that, for the University of Cincinnati, the court lacked jurisdiction over the subject matter, under Civ.R. 12(B)(1). We affirm.
{¶ 3} In reviewing a complaint upon a motion to dismiss under Civ.R. 12(B)(6), a court must presume that all factual allegations are true, and all reasonable inferences must be made in favor of the nonmoving party.[1] In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.[2] Unsupported conclusions in a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss.[3]
{¶ 4} Spurlock's complaint alleged that Cincinnati, Hamilton County, and the University of Cincinnati all supported Naziism and terrorism. But, as pointed out by the defendants in their briefs, Spurlock's complaint did not allege any specific violation of any law or any statutory or constitutional right. Nor did Spurlock allege that he had been damaged. In addition, Spurlock's complaint included no facts to support his conclusions that the city, the county, or the university supported Naziism and terrorism.
{¶ 5} We conclude that, because he could not prevail on the facts alleged in his complaint, the trial court properly dismissed Spurlock's complaint against all three defendants, Cincinnati, Hamilton County, and the University of Cincinnati, under Civ.R. 12(B)(6).
{¶ 6} Civ.R. 12(B)(1) provides that a party may move to dismiss a claim due to lack of jurisdiction over the subject matter. We have previously held that, under the Court of Claims Act,[4] a civil suit filed against the University of Cincinnati is essentially a suit against the state of Ohio.[5] Consequently, since the Court of Claims has original, exclusive jurisdiction over all civil actions against the state, a court of common pleas lacks subject-matter jurisdiction over claims against the University of Cincinnati.[6] Therefore, we also conclude that the trial court properly dismissed Spurlock's complaint against the University of Cincinnati under Civ.R. 12(B)(1), for lack of subject- matter jurisdiction.
{¶ 7} Accordingly, the judgment of the trial court is affirmed.
{¶ 8} Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 Painter, J., Hildebrandt and Gorman, JJ.
[1] See State ex rel. Seikbert v. Wilkinson, 69 Ohio St.3d 489,490, 1994-Ohio-39, 633 N.E.2d 1128.
[2] See O'Brien v. University Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, 327 N.E.2d 753, syllabus; Conley v. Gibson (1957),355 U.S. 41, 78 S.Ct. 99.
[3] See State ex rel. Seikbert v. Wilkinson, 69 Ohio St.3d 489,490, 1994-Ohio-39, 633 N.E.2d 1128.
[4] R.C. Chapter 2743.
[5] See McIntosh v. University of Cincinnati (1985), 24 Ohio App.3d 116,118, 493 N.E.2d 321.
[6] Id.