[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Respondents-appellants, Jerome J. Grogan and Nate's Café, Inc., appeal the judgment of the Hamilton County Court of Common Pleas denying their request to hold a hearing on their motion for damages for the unlawful closure of a business. For the following reasons, we affirm the judgment of the court below.
{¶ 3} The appellants are the owners of the Elder Café, a tavern located in the Over-the-Rhine neighborhood of Cincinnati. In 1999, the appellees, the city of Cincinnati and the state of Ohio, through their legal representatives, filed a complaint in the trial court seeking to have the tavern declared a nuisance pursuant to R.C. 3719.10. The appellees also requested that the trial court issue an injunction under R.C. 3767.06, as well as an ex parte temporary restraining order and a preliminary injunction for the closure of the tavern.[1]
{¶ 4} Ultimately, the trial court granted the appellees the relief sought in their complaint. But by the time that the trial court had issued an injunction ordering the tavern to be padlocked for one year, the tavern had already been padlocked for one year. Thus, the tavern was padlocked for a period of two years.
{¶ 5} The appellants appealed the trial court's judgment granting injunctive relief. Although we affirmed the granting of the injunctive relief, we reversed the trial court's judgment to the extent that the closure had exceeded one year.[2] Accordingly, the case was remanded to the trial court with instructions to remove the padlocking and to immediately return the tavern to the appellants.[3]
{¶ 6} On remand, the appellants filed a motion, pursuant to Civ.R. 65, for damages and attorney fees due to the illegal padlocking. The trial court denied the appellants' request to hold a hearing on the motion. In a single assignment of error, the appellants now argue that the trial court erred in denying their request for damages.
{¶ 7} The city of Cincinnati is a political subdivision, as defined by R.C. 2744.01(F). An action by a political subdivision to enjoin a nuisance is a governmental function.[4] A political subdivision is immune from liability in connection with the performance of a governmental function.[5] Therefore, the city was immune from liability with respect to the excessive duration of the injunction,[6]
and the trial court did not err in denying the appellants' request for damages against the city.
{¶ 8} Likewise, the trial court did not err in denying the request for damages with respect to the state of Ohio. The Ohio Court of Claims has original jurisdiction over all civil actions against the state that are permitted by the waiver of immunity contained in R.C. 2743.02. The trial court in the instant case was without jurisdiction over claims against the state, and it did not err by denying the appellants' request for a hearing on their demand for damages.[7]
{¶ 8} Finally, the city prosecutor and the Ohio Attorney General were immune from liability absent an allegation by the appellants that the officials had acted outside the scope of their authority or with extreme bad faith.[8] Here, there was no such allegation, and the officials were therefore immune.
{¶ 9} For the foregoing reasons, the appellants' sole assignment of error is overruled, and the judgment of the trial court is affirmed.
{¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] See Civ.R. 65.
[2] See Cincinnati ex rel. Cosgrove v. Grogan (2001),141 Ohio App.3d 733, 752, 753 N.E.2d 256, jurisdictional motion overruled (2001), 92 Ohio St.3d 1442, 751 N.E.2d 481, certiorari denied (2002),534 U.S. 1084, 122 S.Ct. 819.
[3] Id. at 753-754, 753 N.E.2d 256.
[4] See R.C. 2744.01(C)(1)(c).
[5] R.C. 2744.02(A)(1).
[6] See Englewood v. Malott (Aug. 30, 1996), 2nd Dist. No. 14986;Cleveland v. Wescon Construction Corp. (Aug. 23, 1990), 8th Dist No. 57405. Although the appellants contended, during oral argument before this court, that the issue of governmental immunity had not been raised below, the appellees did assert immunity as a defense in their answer.
[7] See McIntosh v. University of Cincinnati (1985), 24 Ohio App.3d 116,118, 493 N.E.2d 321.
[8] R.C. 2744.01(B); R.C. 2744.03(A)(6); R.C. 2744.03(A)(7); R.C.9.86.