[Cite as *Beckham v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-2833.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DALE BECKHAM

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2009-09442

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

MAGISTRATE DECISION

{¶ 1} Plaintiff brought this action alleging that he was assaulted by an employee of defendant. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was in inmate in the custody and control of defendant at the London Correctional Institution (LoCI) pursuant to R.C. 5120.16. Plaintiff testified that he was eating in the LoCI dining room on either July 4 or 5, 2009, at approximately 4:20 p.m. when inmate Martin asked him for a packet of mayonnaise. Plaintiff stated that when he tossed the mayonnaise to Martin, Corrections Captain Wimberly "chewed him out" and told him he had two minutes to finish eating his sandwich. According to plaintiff, he soon thereafter stood up from the table and bused his food tray, but continued to eat his sandwich. Plaintiff testified that Wimberly gave him several orders to throw the sandwich in the trash, but that he quickly stuffed the remainder of the sandwich in his mouth. According to plaintiff, Wimberly became angry and struck him in the face with his shoulder several times. Plaintiff testified that he

spent 52 days in the "hole" as a result of the incident. Plaintiff asserts that Wimberly's actions amount to an assault.

{¶ 3} However, plaintiff admitted that he was aware of the LoCI dining room rules, which include: prohibitions on throwing food, taking food out of the dining room, and loitering; and a limitation on the amount of time inmates have to eat their food. Plaintiff also admitted that he disobeyed Wimberly's orders to finish his sandwich, bus his tray, and leave the dining room.

{¶ 4} Maurice Wimberly is a Corrections Captain posted as the first shift commander at LoCI. Wimberly testified that he had only a vague recollection of the incident with plaintiff. According to Wimberly, after plaintiff threw the mayonnaise packet, he gave plaintiff a direct order to bus his tray and leave the dining room. However, when plaintiff refused, Wimberly had a corrections officer escort plaintiff out of the dining room to the administration area where Wimberly dealt with him "face to face" after the meal was finished. Wimberly stated that he did not write a report concerning the incident because it was minor and he did not believe a formal reprimand was necessary. Wimberly testified that he did not use force against plaintiff at any time during the incident.

{¶ 5} Harold Sewell was an inmate in the LoCI dining hall on the day of the incident. Sewell testified that he saw plaintiff throw the mayonnaise packet, that Wimberly warned plaintiff, and that when plaintiff bused his tray, Wimberly came up beside him and bumped him with his shoulder before having him escorted out of the dining area.

{¶ 6} DeCarlo Blackwell was the institutional inspector for LoCI at the time of the incident. Blackwell testified that he began an investigation of the incident after plaintiff filed a complaint alleging that Wimberly used force against him. No report was filed by Wimberly regarding the incident. According to Blackwell, plaintiff was placed in segregation during the investigation for his own safety, per defendant's policy.

Blackwell stated that he interviewed both plaintiff and Wimberly, and reviewed security video footage during his investigation. Blackwell testified that plaintiff stated to him that he was not harmed during the encounter with Wimberly and that it was a matter of "principle." Blackwell further testified that the security videos for July 4 and 5, 2009, do not show the alleged incident.          The Ohio Administrative Code sets forth the circumstances under which force may be lawfully utilized by prison officials and employees in controlling inmates. Ohio Adm.Code 5120-9-01(C) provides, in relevant part:

{¶ 7}   "(2)                         Less-than-deadly force. There are six general circumstances in which a staff member may use force against an inmate or third person. A staff member may use less-than-deadly force against an inmate in the following circumstances:

{¶ 8}   "(a)                         Self-defense from physical attack or threat of physical harm;

{¶ 9}   "(b)                         Defense of another from physical attack or threat of physical attack;

{¶ 10}   "(c)                         When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;

{¶ 11}   "(d)                         When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;

{¶ 12}   "(e)                         Prevention of an escape or apprehension of an escapee; or

{¶ 13}   "(f)                         Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

{¶ 14} The court has recognized that "corrections officers have a privilege to use force upon inmates under certain conditions. * * * However, such force must be used in the performance of official duties and cannot exceed the amount of force which is reasonably necessary under the circumstances. * * * Obviously, 'the use of force is a

reality of prison life' and the precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer." *Mason v. Ohio Dept. of Rehab. & Corr.* (1990), 62 Ohio Misc.2d 96, 101-102. (Internal citations omitted.)

{¶ 15} Based upon the foregoing testimony, the court finds that any "force" Wimberly used against plaintiff was both minimal and justified in light of plaintiff's refusal to comply with Wimberly's orders.

{¶ 16} Moreover, to the extent that plaintiff claims he was improperly held in segregation during the investigation, the Supreme Court of Ohio has held that "[t]he language in R.C. 2743.02 that 'the state' shall 'have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * *' means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State* (1984), 14 Ohio St.3d 68, 70; *Von Hoene v. State* (1985), 20 Ohio App.3d 363, 364. Prison administrators are provided "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish* (1979), 441 U.S. 520, 547.

{¶ 17} The court finds that the policy to hold plaintiff in the "hole" during the pendency of the investigation into the alleged incident was characterized by a high degree of official judgment or discretion and was based upon a need to maintain institutional security. Defendant is therefore entitled to discretionary immunity from claims arising out of that decision.

{¶ 18} Judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that*

*14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Kristin S. Boggs
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Dale Beckham, #435-197
Allen Correctional Institution
2338 North West Street
P.O. Box 4501
Lima, Ohio 45801

MR/cmd/Filed May 27, 2011/To S.C. reporter June 7, 2011