DECISION
Plaintiff-appellant, Michael L. Johnson, appeals from a judgment of the Ohio Court of Claims dismissing his action against defendant-appellee, the Ohio Adult Parole Authority ("APA").
On May 18, 1999, plaintiff filed a pro se complaint against APA in the Ohio Court of Claims. Plaintiff's complaint alleges that APA has repeatedly continued plaintiff's prison sentence and denied him parole in violation of his rights to due process and equal protection of the laws as guaranteed by the United States and Ohio Constitutions.
After filing his complaint, plaintiff filed a series of non-dispositive motions, all of which were overruled by the trial court. On March 23, 1999, APA filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1). On April 13, 1999, the Ohio Court of Claims granted APA's motion and dismissed plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff appeals from that judgment assigning the following errors:
 I. THE COURT ERRORED [sic] IN DISMISSING APPELLANT'S CASE FOR LACK OF JURISDICTION WHEN IT HAS EXCLUSIVE, ORIGINAL JURISDICTION OVER APPELLANT'S STATE CLAIMS BUT NOT HIS FEDERAL CLAMIS [sic], AND BECAUSE APPELLANT WAS ACTING PRO SE.
 II. THE COURT ERRORED [sic] IN DISMISSING APPELLANT'S CASE AFTER OVERRULING APPELLANT'S MOTION FOR LEAVE TO DEPOSE DEFENDANT[S], AND BECAUSE APPELLANT WAS ACTING PRO SE.
 III. THE COURT ERRORED [sic] IN DISMISSING COMPLAINT [sic] AFTER OVERRULING APPELLANT'S MOTION FOR AN APPOINTMENT OF COUNSEL, BECAUSE APPELLANT WAS ACTING PRO SE.
 IV. THE COURT ERRORED [sic] IN DISMISSING COMPLAINT [sic] AFTER OVERRULING APPELLANT'S MOTION FOR DISCOVERY, BECAUSE APPELLANT WAS ACTING PRO SE.
 V. THE COURT ERRORED [sic] IN DISMISSING COMPLAINT [sic] AFTER OVERRULING APPELLANT'S MOTION FOR AN ORDER TO SREVE [sic] SUBPOENAS, AFTER SETTING TRIAL DATE [sic] FOR OCTOBER 12TH, 1999, AND BECAUSE APPELLANT WAS ACTING PRO SE.
We will address plaintiff's assignments of error together, as they all challenge the trial court's dismissal of plaintiff's complaint for lack of subject matter jurisdiction.
In essence, plaintiff's complaint seeks to challenge APA's decision to deny plaintiff parole. The Ohio Court of Claims Act, R.C. Chapter 2743, provides that individuals can sue the state in the Court of Claims and "have [the state's] liability determined * * * in accordance with the same rules of law applicableto suits between private parties * * *." (Emphasis added.) R.C.2743.02(A)(1). This language means that the state cannot be sued for its legislative or judicial functions, or the exercise of an executive function involving a high degree of official judgment or discretion. Reynolds v. State (1984), 14 Ohio St.3d 68, paragraph one of the syllabus.
The APA's decision to grant or deny parole is an executive function involving a high degree of official judgment or discretion. Von Hoene v. State (1985), 20 Ohio App.3d 363, 364. Accordingly, the Ohio Court of Claims lacks subject matter jurisdiction to hear plaintiff's claim challenging the APA's decision to deny his parole. Deavors v. Ohio Dept. of Rehab. Corr. (May 20, 1999), Franklin App. No. 98AP-1105, unreported. The Ohio Court of Claims properly dismissed plaintiff's complaint.
Plaintiff's five assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
LAZARUS and KENNEDY, JJ., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.