[Cite as *Stevens v. Mansfield Correctional Inst.*, 2009-Ohio-7167.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KELLY JOE STEVENS

    Plaintiff

    v.

MANSFIELD CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2009-06206-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Kelly Joe Stevens, an inmate incarcerated at defendant, Mansfield Correctional Institution (ManCI), asserted two fellow inmates entered his unlocked cell, broke into his locked locker box, and stole a pair of his New Balance tennis shoes that were stored inside the locker. Plaintiff further asserted the thieves gained access to his cell when a ManCI employee unlocked the cell door. Plaintiff stated he immediately reported the theft of his shoes to ManCI and a search was conducted, but the search did not include the cell of the suspected thieves. Plaintiff related he was informed by other inmates the identities of the thieves. Plaintiff recalled his shoes were stolen at approximately 5:00 p.m. on February 10, 2009.

{¶ 2} 2) Plaintiff contended his shoes were stolen as a proximate cause of negligence on the part of ManCI in allowing inmate thieves access to his locker box. Consequently, plaintiff filed this complaint seeking to recover $60.16, the total purchase price of a pair of New Balance Basketball shoes. Plaintiff submitted documentation showing he purchased a pair of New Balance Basketball shoes on April 14, 2008.

Payment of the filing fee was waived.

{¶ 3}　3)　Defendant argued there is no evidence available to prove ManCI staff allowed access to plaintiff's cell on February 10, 2009, thereby facilitating a theft. Defendant acknowledged plaintiff's cell door was open when ManCI personnel began investigating the report of a theft. However, defendant noted plaintiff's cellmate was present in the cell at the time ManCI staff discovered the cell door was unsecured. Therefore, defendant suggested "the cell was unsecured because [p]laintiff's cellmate was present in the cell at the time of the alleged theft." Defendant explained a theft report was compiled on February 10, 2009 incident to plaintiff reporting the theft of his shoes, but this report "could not be located." Therefore, a second report ((copy submitted) dated March 11, 2009 was filed. It was recorded on this theft report that ManCI employee, Officer Hadden, searched cells 101-117 after plaintiff reported the loss of his shoes. The shoes were not recovered during the search. Defendant submitted copies of grievances plaintiff filed where he alleged his cellmate and another inmate stole his shoes.

{¶ 4}　4)　Plaintiff filed a response asserting defendant violated policy when he was assigned a cellmate. Plaintiff related the cells at ManCI were designed "to house one inmate per cell." Plaintiff maintained ManCI staff should have questioned his cellmate at the time the theft was reported. Plaintiff argued defendant did not make a "reasonable attempt to protect, or recover" his property.

CONCLUSIONS OF LAW

{¶ 5}　1)　Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 6}　2)　Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 7}　3)　This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 8}　4)　Plaintiff must produce evidence which affords a reasonable basis for

the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 9} 5) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 10} 6) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 11} 7) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 12} 8) The fact defendant supplied plaintiff with a locker box to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

{¶ 13} 9) The fact that a theft occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty or ordinary or reasonable care. *Williams*.

{¶ 14} 10)Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 15} 11)The Supreme Court of Ohio has held that "[t]he language in R.C. 2743.02 that 'the state' shall 'have its liability determined *** in accordance with the same rules of law applicable to suits between private parties ***' means that the state

cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State* (1984), 14 Ohio St. 3d 68, 70, 14 OBR 506, 471 N.E. 2d 776; see also *Von Hoene v. State* (1985), 20 Ohio App. 3d 363, 364, 20 OBR 467, 486 N.E. 2d 868. Prison administrators are provided "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institution security." *Bell v. Wolfish* (1979), 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 47.

**{¶ 16}** 12)Prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent plaintiff alleges ManCI staff failed to comply with internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.

**{¶ 17}** 13)Plaintiff has failed to show any causal connection between any property theft and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

**{¶ 18}** 14)Plaintiff has failed to prove, by a preponderance of the evidence, his items were stolen and unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KELLY JOE STEVENS

    Plaintiff

    v.

MANSFIELD CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2009-06206-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kelly Joe Stevens, #510-101        Gregory C. Trout, Chief Counsel

P.O. Box 788
1150 N. Main Street
Mansfield, Ohio  44901

RDK/laa
10/22
Filed 11/20/09
Sent to S.C. reporter 3/12/10

Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222