**[Cite as *Heyward v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-1105.]**

| | |
|---|---|
| L. M. HEYWARD | Case No. 2015-00069-AD |
| Plaintiff | Deputy Clerk Daniel R. Borchert |
| v. | |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | <u>MEMORANDUM DECISION</u> |
| Defendant | |

FINDINGS OF FACT

**{¶1}** Plaintiff, L.M. Heyward, an inmate, filed a complaint against defendant, Ohio Department of Rehabilitation and Correction ("ODRC"), asserting on May 5, 2014, he mail order purchased five plastic one ounce bottles of Prayer Oil. Plaintiff related in the past he had made such purchases at defendant's Ohio State Penitentiary, Southern Ohio Correctional Facility, Warren Correctional Institution, and Mansfield Correctional Institution and received his purchases without incident. However, now that he was incarcerated at defendant's Allen Oakwood Correctional Institution ("AOCI"), upon receipt of the Prayer Oil they were confiscated.

**{¶2}** Plaintiff asserted on August 28, 2014, he was taken to segregation and he was not given the opportunity to pack-up his property. Plaintiff contended defendant's agent Mrs. D. Ward unlocked his cell and allowed several inmates to pack-up and transport his property unescorted to the segregation vault. Plaintiff argued he became aware that some of his property was missing but he was not allowed to conduct an inventory and no search for his missing property was conducted.

**{¶3}** Plaintiff related on September 7, 2014, while still in segregation, he was notified that unspecified inmates had turned some of his property to Unit 3-B Cell Block, Ms. C.L. Dyer. This property was allowed to be transported to the segregation vault by another inmate, however, this property was subsequently stolen.

{¶4} Plaintiff related the following property items and their values were lost or stolen due to defendant's negligence:

{¶5}

```
   ↘1 Yamaha PSR-S500 series 61 key Arranger electronic keyboard:
actual replacement cost $1,399.99¢; 1 Smith Corona Data Processor WordSmith 250 Typewriter with
LCD screen, 50,000 word dictionary/spell-check & 15 page memory: actual replacement cost $274;
1 Prisoner's Self-Help Litigation Manual 5th Edition:actual replacement cost $45.95; 1 Yamaha
FC4 Universal Sustain Pedal: actual replacement cost $42.95¢; 1 Monster TRS 6' Stereo
Instrument Cable: actual replacement cost $34.95¢; 1 Clip-on Lamp with bulb: actual replacement
cost $18.50¢; 1 pair of Black All-Pro shades: actual replacement cost $8; 1 Plug in Hot Pot
with siv: actual replacement cost $12.92¢; 1 Digital Magnavox Color TV with remote: actual
replacement cost $219.95¢; 1 Lrg. Photo Album containing 50 Photo's: actual replacement cost
at $2.50¢ each $112.50¢; 1 set of Plaintiffs' criminal case/trial transcrpts: actual replacement
cost $1,625.00¢; 5 plastic 1 oz bottles of Prayer Oils: actual replacement cost$ 26.25¢;
1 Deluxe Tri-Omino's game set: actual replacement cost $30, for a total of $3,820.96¢.
```

{¶6} Plaintiff was not required to submit the filing fee.

{¶7} Defendant submitted an investigation report. With respect to the five bottles of Prayer Oil, defendant related that they were given to plaintiff and accordingly, this claim should be dismissed.

{¶8} Defendant admitted liability for the loss of one monster cable, one pair of black all-pro shades, the Prisoner Self Help Litigation Manuel 4th Edition, a hot pot, Yamaha FC4 universal sustain pedal, and a television. Plaintiff was instructed to provide ownership documentation for these items, but due to plaintiff's inability to provide the requested documentation no reimbursement was made. Defendant contended the other items listed in plaintiff's complaint never came into ODRC's possession.

{¶9} Defendant submitted an Inter-Office Communication dated April 10, 2015, which in pertinent part stated:

{¶10}

"First from the pack up on 8-28-14 the inmate claimed that his property was taken to segregation and that the officer allowed other inmates to pack up his property and take it to segregation unsupervised. An investigation into the matter was noted by Unit Manager Young and he found that the officer did violate policy.

"The second incident took place on 8-29-14 noting that inmates came forward indicating that they were holding his property and gave it to the officer. This property was found to be escorted by staff to the segregation vault to be placed with the rest of the inmate's property. From this incident it was noted that the following day the Officer on duty was given property by other inmates and she conducted another pack –up to document the property that she was given. It was noted that she issued a conduct report for excessive property and the property that he could possess was escorted by staff to the segregation vault for placement with his other property.

"As a result of both incidents inmate Heyward filed a notification of grievance requesting reimbursement of his missing or damaged property. This writer did address each item that inmate Heyward claimed to be missing or damaged: trial transcripts, Yamaha keyboard, Prisoner Self Help Litigation book, hot pot, Pro shade sunglasses, Smith Corona Typewriter, Yamaha FC4 universal sustain pedal, TRS monster Instrument cable, Triamono game, clip lamp and television. (Page 4 of 5 of the Disposition of Grievance reviews each item and the finding by this writer.)

"This writer did note items that the state was liable for, however proof of purchase could not be found and the inmate was advised that he needed to provide this writer proof of purchase so that reimbursement amounts could be appropriately established. Inmate Heyward was advised to gather his needed proof and then submit the proof so that the reimbursement claim could be processed as one claim. To date inmate Heyward has not completed this task. "

{¶11} Defendant filed a Disposition of Grievance dated November 6, 2014, which in pertinent part stated:

{¶12}

In conclusion this writer finds that AOCI is liable for some items as staff did not follow policy and this may have contributed to loss or damage of your items: Prisoner's Self Litigation manual. Hot pot (sent under staff escort but now missing), damaged television (not under staff escort to be secured), Yamaha FO4 sustain pedal, 5' monster instrument cable and 1 pair black pro shades. Again proof of purchase will need to be submitted to verify ownership and value so that reimbursement can be granted. Once you obtain the needed documentation you may contact this office for further direction.

{¶13} Plaintiff filed a response to defendant's investigation report. Plaintiff relates how he was taken from his cell and provided affidavits from fellow inmates who substantiate plaintiff's allegations. Plaintiff submitted a Disposition of Grievance dated July 14, 2014, which in pertinent part stated:

{¶14}

A review of DRC policy 77-REL-12 notes that prayer oil can come from an approved vendor if it is not available in the commissary. Further that you may be in possession of only 1 ounce at any given time. The mailroom noted that you ordered 5 bottles of the prayer oil.

In conclusion, this writer finds that prayer oil was not available in the commissary for approximately a one month period of time. Therefore you did order from a vendor. This office finds that you shall be permitted to keep one bottle of the prayer oil that you ordered from the vendor. Policy notes that you can only possess 1 ounce at a time. The other bottles will need to be sent back or sent home to your family at your expense.

{¶15} Plaintiff submitted a commissary receipt from Warren Correctional Institution dated January 4, 2012, which indicated that he purchased a hot pot in the amount of $12.92. A receipt from Musician's Friend dated April 1, 2011, which revealed the receipt of an Advantage Series ¼" straight instrument cable for $7.99, a letter from Smith Corona dated November 25, 2014, which stated the cost of repair of his typewriter is $274.00; a price list which stated the cost of the Prisoner's Self-Help Litigation Manuel is $45.95, and a price list listing the cost of a Yamaha FC4 Keyboard Sustain Pedal, at $22.95. Plaintiff also included a list of cases pending at the Court of Claims, however if plaintiff requests copies of these cases from the Court of Claims they will be supplied to him at no cost. Finally, plaintiff submitted a copy of an Inmate Property Record dated August 26, 2013, which revealed he possessed a television, sunglasses, a clip-on lamp, a cable, hot pot and Yamaha foot pedal.

CONCLUSIONS OF LAW

{¶16} In order to prevail, in a claim of negligence, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St. 3d 79, 2003-Ohio-2573,788 N.E.2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St. 3d 75, 77, 472 N.E.2d 707 (1984).

{¶17} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E.2d 1121, ¶41 (2nd Dist.), citing *Miller v. Paulson*, 97 Ohio App. 3d 217, 221, 646 N.E.2d 521 (10th Dist. 1994); *Mussivand v. David*, 45 Ohio St. 3d 314, 318, 544 N.E.2d 265 (1989).

{¶18} This court in *Mullett v. Department of Correction*, 76-0292-AD (1976), held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶19} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University*, 76-0368-AD (1979).

{¶20} Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction*, 85-01546-AD (1985).

{¶21} Defendant has a duty to use ordinary care in packing or storing property even if it is due to disciplinary confinement. *Gray v. Department of Rehabilitation and Correction*, 84-01577-AD jud (1985).

{¶22} "When prison authorities obtain possession of an inmate's property, a bailment relationship arises between the correctional facility and the inmate. *Buhrow v. Department of Rehabilitation and Correction,* 85-01562-AD, unreported. 'A bailment is

defined as a delivery of something***by one party to another, to be held according to the purpose or object of the delivery, and to be returned***when that purpose is accomplished.' (Footnotes omitted.) 8 Ohio Jurisprudence 3d (1978), 401, Bailments, Section 2." *Bacote v. Ohio Department of Rehabilitation and Correction,* 61 Ohio Misc.2d 284, 578 N.E.2d 565 (Ct. of Cl. 1988). A bailment relationship was created when ODRC's agent took possession of plaintiff's property after he was taken to segregation.

{¶23} Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility*, 78-0217-AD (1978). In this case defendant was negligent since inmates were allowed to transport plaintiff's property to the segregation vault unescorted. Furthermore, inmates turned some of plaintiff's missing property in, evidencing that no supervision was provided when plaintiff's property was transported to the vault. Therefore, defendant is responsible since it took control of plaintiff's property establishing a bailment relationship. See *Moralievitz v. Ohio Department of Rehabilitation and Correction*, 2014-00836-AD (2015).

{¶24} Negligence on the part of defendant has been shown in respect to the issue of property protection. *Billups v. Department of Rehabilitation and Correction*, 2000-10634-AD (2001).

{¶25} The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.*, 67 Ohio Misc. 2d 40, 644 N.E.2d 750 (Ct. of Cl. 1994).

{¶26} As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility*, 61 Ohio Misc. 2d 239, 577 N.E.2d 160 (Ct. of Cl. 1988).

{¶27} Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris*, 25 Ohio App.3d 42, 495 N.E.2d 462 (10th Dist. 1985). Reasonable

certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. of Ohio*, 102 Ohio App. 3d 782, 658 N.E.2d 31 (12th Dist. 1995). This court finds the following property items and their value was lost, stolen, or damaged as the result of defendant's negligence: Prisoner Self-Help Litigation Manuel, $45.95; hot pot, $12.92; television damage, $214.95; Yamaha FC4 sustain pedal, $22.95; 5' monster instrument cable, $7.99; a pair of black pro shades sunglasses, $8.00; clip-on lamp, $18.50; and typewriter repair $274.00.

**{¶28}** The Supreme Court of Ohio has held that "[t]he language in R.C. 2743.02 that 'the state' shall 'have its liability determined***in accordance with the same rules of law applicable to suits between private parties***' means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State*, 14 Ohio St. 3d 68, 70, 471 N.E.2d 776 (1984); see also *Von Hoene V. State*, 20 Ohio App. 3d 363, 364, 486 N.E.2d 868 (1st Dist. 1985). "Prison administrations are provided 'wide ranging' deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institution security." *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). Accordingly, plaintiff has not stated a cause of action based upon ODRC's policy at AOCI to allow plaintiff to possess one bottle of prayer oil at a time.

**{¶29}** Accordingly, plaintiff is granted damages in the amount of $605.26, plus the $25.00 filing fee, which may be reimbursed a compensable damages pursuant to the holding of *Bailey v. Ohio Department of Rehabilitation and Correction*, 62 Ohio Misc.2d 19, 587 N.E.2d 990 (Ct. of Cl. 1990).

| L. M. HEYWARD | Case No. 2015-00069-AD |
|---|---|
| Plaintiff | Deputy Clerk Daniel R. Borchert |
| v. | |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | ENTRY OF ADMINISTRATIVE DETERMINATION |
| Defendant | |

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $630.26, which includes the filing fee. Court costs are assessed against defendant.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

L. M. Heyward, #A252-187          Stephen Gray, Chief Counsel
Allen Correctional Institution       Ohio Dept. of Rehabilitation and Correction
P.O. Box 4501                        770 West Broad Street
Lima, Ohio 45802                     Columbus, Ohio 43222

Filed 2/5/16
Sent to S.C. Reporter 3/18/16